DON SPRINGMEYER, ESQ. (SBN 1021)
BRADLEY SCHRAGER, ESQ. (SBN 10217)
DANIEL HILL, ESQ. (SBN 12773)
DANIEL BRAVO, ESQ.(SBN 13078)
**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**
3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120
Telephone: (702) 341-5200 / Fax: (702) 341-5300
Email: dspringmeyer@wrslawyers.com
Email: bschrager@wrslawyers.com
Email: dhill@wrslawyers.com
Email: dbravo@wrslawyers.com

MELANIE A. HILL, ESQ. (SBN 8796)
NICOLE E. LOVELOCK, ESQ. (SBN 11187)
**LOVELOCK HILL PLLC**
400 S. 4th Street, Suite 500
Las Vegas, Nevada 89101
Telephone: (702) 362-8500 / Fax: (702) 362-8505
Email: nlovelock@lovelockhill.com
Email: mhill@lovelockhill.com

*Attorneys for Named Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JEREMY ORTIZ, an individual and resident of Nevada; DENISE KALINICH, an individual and resident of Nevada; all on behalf of themselves and all similarly-situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN CASINO & ENTERTAINMENT PROPERTIES, LLC, a Foreign Limited-Liability Company, D/B/A STRATOSPHERE CASINO, HOTEL & TOWER; and DOES 1 through 100, Inclusive,<br><br>Defendant. | **COLLECTIVE AND CLASS ACTION COMPLAINT** |

The above-referenced Plaintiffs (herein "Plaintiffs"), by and through undersigned counsel, on behalf of themselves and all persons similarly situated (the "Class"), hereby allege and complain against American Casino & Entertainment Properties, LLC, d/b/a Stratosphere Casino, Hotel & Tower

(herein "Defendant") as follows:

## INTRODUCTION

1. This lawsuit is a collective and class action brought by Plaintiffs, on behalf of themselves and all similarly-situated non-exempt hourly employees of Defendant, to recover for Defendant's willful violations of the following:

    i. Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*; and

    ii. Nevada's Wage-and-Hour Laws ("NVWH"), N.R.S. § 608 *et. seq.*

2. This lawsuit is a result of Defendant's failure to pay Plaintiffs and other similarly-situated employees who are members of the Class all lawfully earned and due wages.

3. Defendant has a policy in place on its timekeeping system that has denied Plaintiffs and other similarly-situated employees who are members of the Class their proper compensation for hours worked.

4. Defendant's timekeeping system has operated to the benefit of Defendant and to the detriment of Plaintiffs and other similarly-situated employees who are members of the Class, and is not *de minimus* in nature.

5. Defendant has or had informal and/or formal policies, programs, practices and/or scheme(s) that disciplines the employee when the timekeeping system does not work to Defendant's advantage.

6. Defendant's practice exclusively benefits and enriches Defendant to its employees' detriment by resulting in lawfully earned wages owed to Plaintiffs and other similarly-situated employees who are members of the Class.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims raise a federal question under 29 U.S.C. § 201 *et seq.*

8. Specifically, pursuant to 29 U.S.C. § 216(b), this suit "may be maintained against any employer … in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

9. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 for Plaintiffs'

state law claims arising under N.R.S. § 608 *et. seq.* because they are derived from a common nucleus of fact that support the various state wage and hour claims such that they should be adjudicated in one judicial proceeding.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of the Plaintiffs herein occurred within this judicial district, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein—and, thus, is subject to personal jurisdiction—in this judicial district.

## **PARTIES**

**A.   Plaintiffs**

11. Plaintiff Jeremy Ortiz is a resident of the State of Nevada, and was employed by Defendant as a non-exempt employee between March 2013 and July 2016.

12. Plaintiff Denise Kalinich is a resident of the State of Nevada, and was employed by Defendant as a non-exempt employee between September 2010 and December 31, 2014.

13. Hundreds and potentially thousands of other similarly situated non-exempt current and/or former employees may elect to join this collective action if given proper notice of the pendency of the action and an opportunity to participate by "opting in." Consents to sue on behalf of additional Class Members may be filed as this litigation progresses.

**B.   Defendant**

14. Defendant is a foreign limited-liability company with its principal place of business in Las Vegas, Nevada and is an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

15. Upon information and belief, Defendant employs non-exempt employees within the scope of the Class defined herein.

16. Plaintiffs sue fictitious Defendants DOES 5 through 100, inclusive, as Plaintiffs do not know their true names and/or capacities, and upon ascertainment, will amend the Complaint with their true names and capacities. Plaintiffs are informed and believe and on that basis allege that each of said fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages were proximately caused by their conduct mentioned herein, each of the

Defendants, including DOES 1 through 100, was an agent, joint-venturer, representative, alter ego, and/or employee of the other defendants, and was acting both individually and in the course and scope of said relationship at the time of the events herein alleged, and all aided and abetted the wrongful acts of the others.

**GENERAL ALLEGATIONS**

17. The fundamental protections afforded by the FLSA and the appropriate state laws covering wages and hours are payment of wages to employees for all hours worked, payment of premium overtime wages for all hours worked above forty (40) hours per week, and payment of premium overtime wages for all hours worked above eight (8) hours per day.

18. Plaintiffs, Class Members, and society at large rightfully expect that time worked will be compensated. This is the fundamental social and economic bargain between employers and employees, and failure to pay for hours worked represents a breach of a basic obligation by Defendant.

19. Specifically, Plaintiffs complain that Defendant violates the protections of the FLSA and pertinent state laws by not paying for all hours worked by employees and not paying the appropriate earned overtime wage rate to employees mandated by state and/or federal law.

20. Defendant owns, operates and controls the hotel and casino where Plaintiffs and Class Members work and/or worked.

**A.   Defendant's Timekeeping Policy**

21. Defendant required Plaintiffs and Class Members to start/end work on a set schedule.

22. Defendant's policy, practice, program and/or scheme required Plaintiffs and Class Members to clock-in between four to six minutes prior to their scheduled start time.

23. Plaintiffs and Class Members would be disciplined for clocking-in outside of this three minute window.

24. Defendant's policy, practice, program and/or scheme prohibits Plaintiffs and Class Members from clocking-out a minute early, and they are not allowed to clock-out more than seven minutes after their scheduled end time without risk of discipline.

25. Defendant would "round" the time to the nearest quarter hour.

26. Plaintiffs and Class Members were not paid for the extra time that they were required to

4

1 work.

2     27.    By policy and/or design, Defendant's rounding policy favors the Defendant in almost
3 every instance.

4     28.    Defendant's rounding policy did not even out or average out over time and was, instead,
5 always skewed in Defendant's favor.

6     29.    Whenever an employee of Defendant benefits from the rounding system, either at
7 beginning or end of the working day, the employee was disciplined.

8     30.    Upon information and belief, an employee was disciplined if they ever clocked out early
9 without permission to get an early out or if they clocked out late enough to bump the rounding to the
10 next 15-minute interval.

11     31.    There is no lawful reason to engage in rounding because, upon information and belief,
12 Defendant has the technology to time the exact time each employee starts and ends work.

13     32.    Defendant's rounding practice is not *di minimis*.

14     33.    Defendant's rounding off of hours is not administratively necessary as technology now
15 provides for exact recording of the time actually worked.

16     34.    Upon information and belief, Defendant maintains a rigid timekeeping system that
17 records time to the exact minute or smaller increment.

18     35.    Upon information and belief, Defendant is recording time at work by the minute, and
19 relying on that record to discipline employees who either are late to work, or who are too early, or who
20 leave work early, or leave work late, but is not using the same data to pay the employees appropriately
21 for all hours worked.

22     36.    Defendant's rounding practice against the employee is a regular practice.

23     37.    The size of the aggregate claim of lawfully earned wages owed to Plaintiffs and other
24 similarly-situated employees who are members of the Class is very large.

25     38.    Defendant has failed, willfully, to maintain accurate and appropriate records of hours,
26 wages, and overtime as required by state and/or federal law.

27     39.    The total time worked by Plaintiffs and Class Members is substantially understated by
28 Defendant.

**B.     Plaintiff Kalinich**

40.    On December 31, 2014, Defendant terminated Plaintiff Kalinich for violating the Defendant's policy that required employees to clock-in four to six minutes prior to their scheduled start time.

41.    Plaintiff Kalinich had clocked-in on or before her scheduled start time, but outside the four to six minutes required by Defendant.

## COLLECTIVE ACTION ALLEGATIONS

42.    Plaintiffs bring this action as a collective and class action seeking to certify the following Class and Sub-classes:

   a.    An FLSA § 216(b) Opt-In Collective Action; and

   b.    A Nevada State Sub-Class

43.    The Class Members Plaintiffs seek to represent in the FLSA Collective Action includes:

> All current and former hourly employees of American Casino & Entertainment Properties, LLC in the United States during the last three years who clocked-in to work at any interval of time before or after their scheduled start time and/or who clocked-out of work at any interval of time before or after their scheduled end time, and who were not compensated for such time.

44.    The claims under the FLSA may be pursued by those who opt-in to this proposed Class pursuant to 29 U.S.C. § 216(b).

45.    With respect to the claims set forth in the FLSA action, a conditional certification under the FLSA is appropriate because the members of the proposed Class described above are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b).

46.    The class of employees on behalf of whom Plaintiffs bring this collective action are similarly situated because: (a) they have been or are employed by Defendant in the same or similar hourly positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; (c) their claims are based upon the same factual and legal theories; and (d) the employment relationships between Defendant and every Class Member are the same and differ only by name and rate of pay.

47.    The case will be manageable as a collective action. Plaintiffs and their counsel know of no unusual difficulties in the case and Defendant has advanced networked computer and payroll

systems that will allow the class, wage, and damages issues in the case to be resolved with relative ease.

## NEVADA CLASS ACTION ALLEGATIONS

48. Plaintiffs reallege and incorporate herein by this reference all the paragraphs above in this Complaint as though fully set forth herein.

49. Plaintiffs Ortiz and Kalinich bring this action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and all others similarly situated, as representative members of the following proposed Nevada Sub-Class:

> All current and former hourly employees of American Casino & Entertainment Properties, LLC in Nevada during the last three years who clocked-in to work at any interval of time before or after their scheduled start time and/or who clocked-out of work at any interval of time before or after their scheduled end time, and who were not compensated for such time.

50. *Numerosity*: The members of the proposed Nevada Sub-Class are so numerous that individual joinder of all members is impracticable under the circumstances of this case, and the disposition of their claims as a Class will benefit the parties and the Court. The precise number of members should be readily available from a review of Defendant's personnel and payroll records.

51. *Commonality/Predominance*: Common questions of law or fact are shared by the members of the proposed Nevada Sub-Class. This action is suitable for class treatment because these common questions of fact and law predominate over any questions affecting individual members. These common legal and factual questions, include, but are not limited to, the following:

   i. Whether Defendant paid Plaintiffs and Nevada Sub-Class Members all wages owed for all hours of work performed, as agreed, and at the agreed-upon rate;

   ii. Whether Defendant's violations were willful;

   iii. Whether Defendant is liable for pre-judgment interest; and

   iv. Whether Defendant is liable for attorneys' fees and costs.

52. *Typicality*: Plaintiffs' claims are typical of those of the proposed Nevada Sub-Class, and the relief sough is typical of the relief which would be sought by each member of the Nevada Sub-Class in a separate action. Plaintiffs and all other proposed Nevada Sub-Class Members sustained similar losses, injuries, and damages as a direct and proximate result of Defendant's same unlawful

policies and/or practices. Plaintiffs' claims arise from Defendant's same unlawful policies, practices, and/or course of conduct as all other proposed Nevada Sub-Class Members' claims in that Plaintiffs were denied full wages for each hour worked, and Plaintiffs' legal theories are based on the same legal theories as all other proposed Nevada Sub-Class Members. Defendant's compensation policies and practices affected all Nevada Sub-Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts to each Nevada Sub-Class Member.

53. *Adequacy*: Plaintiffs are adequate representatives of the proposed Nevada Sub-Class because Plaintiffs are members of the proposed Nevada Sub-Class they seek to represent and their interests do not conflict with the interests of the other members of the proposed Nevada Sub-Class that Plaintiffs seek to represent. Plaintiffs have retained counsel that is competent and experienced in complex class action litigation, and Plaintiffs intend to prosecute this action vigorously. The interests of members of the proposed Nevada Sub-Class will be fairly and adequately protected by Plaintiffs and their counsel. Neither Plaintiffs nor their counsel have interests that are contrary to, or conflicting with, the interests of the proposed Nevada Sub-Class.

54. *Superiority*: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, it is economically infeasible for proposed Nevada Sub-Class Members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual. Important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual Nevada Sub-Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Nevada Sub-Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Nevada Sub-Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

55. The case will be manageable as a class action. Plaintiffs and their counsel know of no unusual difficulties in the case and Defendant has advanced networked computer and payroll systems that will allow the class, wage, and damages issues in the case to be resolved with relative ease.

56. Because the elements of Fed. R. Civ. P. 23(b)(3), or in the alternative Fed. R. Civ. P. 23(c)(4), are satisfied in the case, class certification is appropriate.

## **FIRST CLAIM FOR RELIEF**

**(FLSA Collective Action)**

**Violation of Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.***

**Failure to Pay Wages**

**By Plaintiffs and the Collective Class against Defendant**

57. All preceding paragraphs in this Complaint are realleged and incorporated by reference as though fully set forth herein.

58. Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, Plaintiff and Class Members are entitled to compensation at their regular rate of pay or minimum wage rate, whichever is higher, for all hours actually worked.

59. Defendant's failure to pay Plaintiffs and Class Members for all hours worked resulted in violations of the FLSA's minimum wage provisions for any and all employees with unpaid minimum wage-rate hours.

60. Defendant's unlawful conduct was repeated and willful. Defendant knew or should have known that its policies and practices have been unlawful and unfair.

61. Due to Defendant's FLSA violations, Plaintiffs, on behalf of themselves and Class Members, are entitled to recover from Defendant: compensation for unpaid wages; liquidated damages; reasonable attorneys' fees; costs and interest as provided by law, and any other relief deemed appropriate by this Court.

**SECOND CLAIM FOR RELIEF**

**(FLSA Collective Action)**

**Violation of Fair Labor Standards Act, 29 U.S.C. § 201** *et seq.*

**Failure to Pay Overtime Wages**

**By Plaintiffs and the Collective Class against Defendant**

62. All preceding paragraphs in this Complaint are realleged and incorporated by reference as though fully set forth herein.

63. Defendant engaged in a policy and practice of willfully refusing to pay employees appropriate overtime compensation for all hours worked in excess of forty (40) hours per work week by Plaintiffs and the Class Members.

64. As a result of Defendant's willful failure to compensate its employees, including Plaintiffs and Class Members, premium overtime pay for all hours worked at a rate not less than one-and-one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours per work week, Defendant have violated the FLSA, 29 U.S.C. § 201 *et seq*.

65. Defendant's unlawful conduct was repeated and willful. Defendant knew or should have known that its policies and practices have been unlawful and unfair.

66. Due to Defendant's FLSA violations, Plaintiffs, on behalf of themselves and Class Members, are entitled to recover from Defendant: compensation for unpaid wages; liquidated damages; reasonable attorneys' fees; costs and interest as provided by law, and any other relief deemed appropriate by this Court.

**THIRD CLAIM FOR RELIEF**

**(Nevada Class Action)**

**Violation of N.R.S. 608.016 and 608.140**

**Failure to Pay All Wages Due**

**(On Behalf of Plaintiffs and the Nevada Sub-Class against Defendant)**

67. All preceding paragraphs in this Complaint are realleged and incorporated by reference as though fully set forth herein.

68. N.R.S. 608.016 states that "[a]n employer shall pay to the employee wages for each

hour the employee works."

68. As described and alleged herein, Defendant failed to pay Plaintiffs and Nevada Sub-Class Members for all hours worked in violation of N.R.S. 608.016 and 608.140.

70. Pursuant to Nevada law, Defendant is liable to Plaintiffs and members of the Nevada Sub-Class for their unpaid wages; liquidated damages; reasonable attorneys' fees; costs and interest as provided by law, and any other relief deemed appropriate by this Court.

**FOURTH CLAIM FOR RELIEF**

**(Nevada Class Action)**

**Violation of Article XV, Section 16 of Nevada Constitution**

**Failure to Pay Minimum Wage**

**(On Behalf of Plaintiffs and the Nevada Sub-Class against Defendant)**

71. All preceding paragraphs in this Complaint are realleged and incorporated by reference as though fully set forth herein.

72. Article XV, section 16 of the Nevada Constitution (the "Minimum Wage Amendment") requires employers to pay employees a minimum wage.

73. Defendant's failure to pay Plaintiffs and Class Members for all hours worked resulted in violations of the Minimum Wage Amendment.

74. Defendant's unlawful conduct was repeated and willful. Defendant knew or should have known that its policies and practices have been unlawful and unfair.

75. Pursuant to Nevada law, Defendant is liable to Plaintiffs and members of the Nevada Sub-Class for their unpaid wages; liquidated damages; reasonable attorneys' fees; costs and interest as provided by law, and any other relief deemed appropriate by this Court.

**FIFTH CLAIM FOR RELIEF**

**(Nevada Class Action)**

**Violation of N.R.S. 608.018 and 608.140**

**Failure to Pay Overtime Wages**

**(On Behalf of Plaintiffs and the Nevada Sub-Class against Defendant)**

76. All preceding paragraphs in this Complaint are realleged and incorporated by reference

11

as though fully set forth herein.

77. N.R.S. 608.018(1) provides as follows:

An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

78. N.R.S. 608.018(2) provides as follows:

An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

79. As described and alleged herein, Defendant failed to pay Plaintiffs and Nevada Sub-Class members daily and weekly overtime premium pay for all hours worked over eight (8) hours in a workday or over forty (40) hours in a work week in violation of N.R.S. 608.018 and 608.140

80. Pursuant to Nevada law, Defendant is liable to Plaintiffs and members of the Nevada Sub-Class for their unpaid wages; liquidated damages; reasonable attorneys' fees; costs and interest as provided by law, and any other relief deemed appropriate by this Court.

## **SIXTH CLAIM FOR RELIEF**

**(Nevada Class Action)**

**Violation of N.R.S. 608.040**

**Failure to Pay Wages of a Discharged Employee**

**(On Behalf of Plaintiffs and the Nevada Sub-Class against Defendant)**

81. All preceding paragraphs in this Complaint are realleged and incorporated by reference as though fully set forth herein.

82. N.R.S. 608.040 provides as follows:

If an employer fails to pay:
   (a) Within 3 days after the wages or compensation of a discharged employee becomes due; or
   (b) On the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit or was discharged until paid or for 30 days, whichever is less.

83. Defendant failed and refused to pay Plaintiffs and Class Members who are former

1 employees their earned but unpaid wages.

2     84.    Defendant's conduct is a violation of N.R.S. 608.020 and/or 608.030 giving Plaintiffs and Class Members a claim against Defendant for a continuation after the termination of their employment with Defendant of the regular daily wage Defendant would pay them, until such earned but unpaid wages are actually paid or for 30 days, whichever is less, pursuant to N.R.S. 608.040.

    85.    Pursuant to Nevada law, Defendant is liable to Plaintiffs and members of the Nevada Sub-Class for their unpaid wages as prescribed by N.R.S 608.040; liquidated damages; reasonable attorneys' fees; costs and interest as provided by law, and any other relief deemed appropriate by this Court.

## SEVENTH CLAIM FOR RELIEF

### Tortious Discharge

**(On Behalf of Plaintiff Kalinich against Defendant)**

    86.    All preceding paragraphs in this Complaint are realleged and incorporated by reference as though fully set forth herein.

    87.    Defendant terminated Plaintiff Kalinich for violating the Defendant's illegal timekeeping policy, practice and/or scheme.

    88.    Defendant's action violated the special relationship of trust between employers and employees and the arbitrary, abusive, intentional, malicious termination requires relief and for a remedy beyond that traditionally flowing from breach of contract, statutory or other administrative remedies.

    89.    Defendant's conduct was a substantial factor in causing damage to Plaintiff.

    90.    As a direct and proximate result of Defendant's intolerable action and violations of strong and compelling public policy, Plaintiff Kalinich has suffered harm including but not limited to lost wages.

    91.    There is no adequate contractual, statutory or administrative remedy for Defendant's violation of strong and compelling public policy.

    92.    Pursuant to Nevada law, Defendant is liable to Plaintiff Kalinich for damages; liquidated damages; reasonable attorneys' fees; costs and interest as provided by law, and any other

1  relief deemed appropriate by this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and/or on behalf of themselves and all other similarly-situated members of the Collective Action and Class Action, as appropriate, request that this Court enter an Order:

A. Certifying and providing notice to the Collective Action FLSA Class;

B. Declaring Defendant violated the FLSA, and that such violation was willful;

C. Granting judgment to Plaintiffs and members of the Collective Action for claims of unpaid premium overtime wages as secured by the FLSA, along with appropriate liquidated damages, attorneys' fees, and costs of suit;

D. With respect to the Nevada Sub-Class, certifying the Nevada Sub-Class a class action; designating Plaintiffs as Class Representatives of the Nevada Sub-Class; designating undersigned counsel as class counsel; declaring the practices here complained of as unlawful under appropriate state laws; ordering other equitable and injunctive relief to remedy Defendant's violation of state laws;

E. Granting judgment to Plaintiffs and the members of the Nevada Sub-Class on their claims of unpaid wages as secured by law, as well as liquidated damages, interest, attorneys' fees and costs as applicable and appropriate;

F. Granting judgment to Plaintiff Kalinich on her claims of tortious discharge as secured by law, as well as liquidated damages, interest, attorneys' fees and costs as applicable and appropriate;

G. Ordering such other relief as the Court may deem necessary and just; and

H. Awarding Plaintiffs their attorneys' fees and costs of suit, including expert fees and costs.

/ / /

/ / /

/ / /

/ / /

/ / /

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

DATED this 30th day of December, 2016.

By: */s/ Bradley Schrager*
DON SPRINGMEYER, ESQ. (SBN 1021)
BRADLEY SCHRAGER, ESQ. (SBN 10217)
DANIEL HILL, ESQ. (SBN 12773)
DANIEL BRAVO, ESQ.(SBN 13078)
**WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP**
3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120-2234

MELANIE A. HILL, ESQ. (SBN 8796)
NICOLE E. LOVELOCK, ESQ. (SBN 11187)
**LOVELOCK HILL PLLC**
400 S. 4th Street, Suite 500
Las Vegas, Nevada 89101

*Attorneys for Named Plaintiffs*